STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

In Re: M.D., K.S., L.S. and C.C.

No. 14-1182 (Clay County 14-JA-45 through 14-JA-50)

FILED

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

MEMORANDUM DECISION

Petitioner Mother A.D., by counsel Daniel K. Armstrong, appeals the Circuit Court of Clay County's November 14, 2014, order adjudicating her as an abusing parent[1] in regard to M.D.-1, K.S., L.S., and C.C.[2] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed its response in support of petitioner's appeal. The guardian ad litem ("guardian"), Michael W. Asbury Jr., filed a response on behalf of the children also supporting petitioner's appeal. On appeal, petitioner alleges that the circuit court erred in adjudicating her as an abusing parent.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court erred in adjudicating petitioner as an abusing parent solely on the ground that she drove a vehicle without possessing a valid driver's license. However, we further find that the circuit court was correct in finding that the DHHR failed to

---

[1]The circuit court actually adjudicated petitioner as an "abusive and neglectful parent." However, the Court notes that pursuant to West Virginia Code § 49-1-3(2), an "abusing parent" is defined as "a parent, guardian or other custodian . . . whose conduct, as alleged in the petition charging child abuse or neglect, has been adjudged by the court to constitute child abuse or neglect." Because this definition governs parents who commit both abuse and neglect against children, and because the pertinent statute has purposefully omitted a definition of "neglecting parent," the Court will use the appropriate statutory term throughout this memorandum decision.

[2]The circuit court proceedings below involved six children, though only four are petitioner's biological children; M.D.-1, K.S., L.S., and C.C. Petitioner's arguments on appeal concern only the biological children for which she was adjudicated as being an abusing parent. Therefore, the Court will address only the circuit court's rulings in regard to these children. Further, because two children share the same initials, they will be referred to throughout the memorandum decision as M.D.-1 and M.D.-2. Finally, we note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

establish that petitioner otherwise abused or neglected the children. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

In August of 2014, the DHHR filed an abuse and neglect petition that alleged petitioner abused several children when she engaged in an argument in the children's presence, during which her paramour, G.D., punched a door and knocked an iron off a cabinet. According to the petition, petitioner took M.D.-1, M.D.-2, K.S., and G.D. and left the residence following the argument. At the time, petitioner did not have a valid driver's license. According to the circuit court, petitioner's license had been suspended for nonpayment of fines. After driving the children to a friend's house, petitioner allowed the friend, who had been consuming alcohol, to drive her and the children to another location. The petition further alleged that petitioner also consumed alcohol in the car.

Petitioner later waived her right to a preliminary hearing. The next month, petitioner filed a motion to strike the petition and argued that the DHHR failed to allege abuse or neglect sufficient to support an adjudication. The circuit court held a hearing on petitioner's motion and granted the DHHR leave to amend the petition on or before October 10, 2014. On that date, petitioner filed a motion to dismiss given that the DHHR did not amend the petition. Thereafter, the circuit court held an adjudicatory hearing, after which it dismissed several paragraphs from the petition. The circuit court specifically found that the DHHR failed to present evidence that petitioner drove the children while intoxicated, allowed her friend to drive the children while intoxicated, or engaged in an altercation or fight with G.D. in the children's presence. However, the circuit court adjudicated petitioner as an abusing parent based solely on the allegation that she did not have a valid driver's license when she operated a vehicle with the children as passengers. The circuit court thereafter returned physical custody of the children to petitioner and granted her an improvement period. Petitioner appeals from the adjudicatory order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds that the circuit court erred in adjudicating petitioner as an abusing parent.

2

To begin, the Court does not agree with the circuit court's finding that "any violation of the law is *per se* abuse and neglect." A reading of the applicable statutes shows that the legislature has clearly enumerated certain crimes for which a conviction constitutes per se abuse and/or neglect. According to West Virginia Code § 49-6-11,

> [i]n any case where a person is convicted of an offense described in section twelve, article eight, chapter sixty-one of this code or articles eight-b or eight-d of said chapter against a child and the person has custodial, visitation or other parental rights to the child who is the victim of the offense or to any child who resides in the same household as the victim, the court shall, at the time of sentencing, find that the person is an abusing parent within the meaning of this chapter as to the child victim, and may find that the person is an abusing parent as to any child who resides in the same household as the victim, and the court shall take such further steps as are required by this article.

The convictions addressed in this statute do not extend to the offense of driving on a suspended license in violation of West Virginia Code § 17B-4-3. As such, it is clear that the circuit court's finding that any violation of the law constitutes abuse or neglect was erroneous.

Moreover, West Virginia Code §§ 49-1-3(1) and 49-1-3(11)(A)(i) define abused child and neglected child, respectively, as requiring harm or threat of harm to a child's health or welfare. In the instant matter, the circuit court specifically found that the DHHR failed to prove the allegations against petitioner, with the exception of the allegation that she drove while her driver's license was suspended, which petitioner admitted. While illegal, the Court does not find that this constitutes a harm or threat of harm to the children, especially in light of the specific circumstances of this case. Specifically, petitioner drove with the children in the car in order to extract them from a potentially dangerous situation in which G.D. exhibited signs of violence, including having punched a door and knocked an iron off a cabinet. Further, as the circuit court pointed out in its adjudicatory order, petitioner's license was not suspended for prior driving infractions evidencing a propensity for dangerous driving, but instead for nonpayment of fines. As such, we find that the circuit court erred in adjudicating petitioner as an abusing parent for the sole act of having driven a vehicle without a valid driver's license.

For the foregoing reasons, we find that the circuit court erred in adjudicating petitioner as an abusing parent and reverse the November 14, 2014, order, in part, in regard to the finding that her driving without a valid driver's license constitutes abuse. However, we affirm the order, in part, as it concerns the DHHR's failure to satisfy its burden of proof in regard to the remaining allegations in the petition. As such, we remand the matter to the circuit court for the entry of an order dismissing petitioner from the proceedings in light of the lack of evidence that she abused or neglected the children at issue.

Affirmed, in part. Reversed and Remanded, in part.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II